*State ex rel. Hippard v. Commissioners of Franklin Co.

Discretion of, in Fixing Amount of Bond for Construction of a Courthouse.

Although the commissioners of a county have a wide discretion in fixing the amount and determining the sufficiency of a bond to be given by the lowest bidder for any branch of the work in the construction of a courthouse, the abuse of that discretion will be prevented by the courts.

2. Authority of, to Contract for Labor and Materials.

Such commissioners have no legal authority to contract for the labor and material in any branch of such work at a price in excess of the preliminary estimate therefor.

3. Lowest Bidder Not Necessarily Entitled to Awarding of Contract.

The person making the lowest bid for such work pursuant to a legal advertisement does not thereby acquire such right to have the contract awarded to him as will prevent the commissioners, acting in good faith and with regard to public interests, from rejecting all bids and advertising anew.

From the pleadings and the evidence it appears that the defendants and other officers and persons adopted and approved the plans, specifications and esti

---

*The judgment in this case was affirmed by the Supreme Court, without report, May 25, 1888.

mates for a courthouse in Franklin county, and made all the preliminary arrangements that are required by chapter one of title six of the Revised Statutes; that thereafter, on the 6th day of January, the auditor advertised for bids to perform the labor and furnish the material required in the different branches of mechanical employment. Pursuant to said notice the relators filed their written proposal, offering to perform the labor and furnish the material for the cut stone work for $97,270.00. The preliminary estimate for that branch of the work was $92,850.00. On the 7th day of February, the defendants passed an order requiring that each contractor should enter into a bond for the performance of his contract, in a sum equal to the contract price of his work, with sureties owning unincumbered real estate in Franklin county equal to one-third the amount of the bond, such value to be shown by the auditor's duplicate.

Of the proposals for this branch of the work, that of the relators was the lowest, and on the 6th day of February the defendants awarded the contract to them on condition that by the 16th of February they give the required bond. On that day the relators filed a bond which was ample to secure the performance of the contract, although the duplicate did not show the sureties to be owners of as much real estate in Franklin county as was required by the order of the defendants. On the 17th this bond was rejected by the commissioners, upon the ground that the sureties were insufficient. On being notified of such rejection, the relators took their bond from the office of the defendants for the purpose of procuring the signatures of additional sureties, expecting that further time would be granted them for that purpose. On the 19th day of February another bidder demanded that a contract be made with him for the same work. On the 21st the defendants sought legal advice as to their duty in the premises, and were informed that they could not make a legal contract for this branch of the work because the lowest bid was in excess of the preliminary estimate, and upon the same day they revoked the previous award, rejected all bids for cut stone work and directed the auditor to advertise anew for proposals. On the 23d day of February, the relators tendered another bond with a contract signed by them, and demanded that the bond be accepted and the contract executed by the defendants. This demand being refused, the relators brought this suit on the 27th.

SHAUCK, J.

On behalf of the defendants it is contended that the bond first tendered by the relators was rejected in good faith, and that such rejection was a reasonable exercise of their discretion. The evidence casts no doubt upon the good faith of the defendants. They applied the same rule to all bidders. But we are not persuaded that the rejection of this bond was a reasonable exercise of their discretion. The penalty of the bond was large, being equal to the contract price; and the evidence shows that the sureties residing in this and an adjoining county were responsible for many times the amount of the bond, and that those residing in the city of Columbus were responsible for more than twice its amount. An arbitrary rule of their own making could not excuse them from enquiring beyond the tax duplicate, to ascertain the responsibility of sureties residing in this city, or even in an adjoining county. The commissioners have a large discretion in this respect, and it is their duty to require an ample bond; but it ought not to be affirmed as law that they may, by requirements that are plainly unnecessary, discourage the competition which it is the policy of the statute to promote.

Counsel for the defendants further contend that the peremptory writ must be refused because, since the bid of the relators is in excess of the preliminary estimate for the cut stone work, the contract would be illegal. Whether the preliminary estimates for the different kinds of mechanical labor are to operate as limitations upon the prices for those kinds of labor respectively, has not been definitely determined. But if that is not their office it is very difficult to ascertain the purposes for which detailed estimates are required to be made, or the purpose for which sections seven hundred and eighty-seven and eight hundred

were enacted. Such estimates are to be submitted to and approved by a joint board of the seven officers and persons designated, or a majority of them. The statute provides for "detailed estimates" and "aggregate estimates." If, as is claimed for the relators, a limitation upon the cost of the entire improvement is the only object to be attained by the approval of the estimates, the aggregate estimate alone is necessary or useful. Section seven hundred and eighty-seven provides that "no contract or contracts shall be made for the labor or material herein provided for at a price in excess of the *entire estimate* thereof, etc." Section eight hundred, which applies only to contracts made by county commissioners, provides that "no contract or contracts shall be made for the erection of any court-house * * * at a price in excess of the *estimates* in this chapter required to be made." Notwithstanding the obvious purpose of the legislature to except contracts for the buildings mentioned in section eight hundred from the general rule prescribed in section seven hundred and eighty-seven, the construction of the relator's counsel would leave them still subject to it.

The act of January 31, 1885, to further provide for the erection of a new court house in Franklin county, provides, in section three, that if any addition shall be made to said court-house, such addition shall be first approved, specified and estimated, and that the same shall be performed by the contractor for the work to which it belongs, at a price to be agreed upon, " but in no case to exceed the estimate thereof approved as hereinbefore provided." Either the contract price for the several branches of the work is limited by the respective estimates, or the cost of mere additions is guarded more scrupulously than that of the principal subject of the contract. We conclude that the terms of the statute require that the cost of the several parts of the work, when separate contracts are made, must be within the preliminary estimates. This conclusion seems to be implied in Beaver & Butt v. Trustees of the Blind Asylum, 19 O. S., 97, and in State *ex rel.* Clough v. The Commissioners of Shelby County, 36 O. S., 326.

The commissioners have not proceeded, in violation of law, to award this contract to a higher bidder. They have rejected all bids for cut stonework and have proceeded to advertise anew. The reported cases in Ohio furnish no precedent for the allowance of a peremptory writ of mandamus in such a case. In this direction they have gone so far only as to decide that if the commissioners determine not to readvertise for proposals, it is their duty to enter into a contract with the lowest bidder, and that the court will compel the performance of that duty. But while bidders acquire rights which the courts will recognize, those rights must always be held subordinate to the public interests, whose protection is the leading object of this statute. At the opening of these proposals, the commissioners had an undoubted discretion to reject them all. Certainly such discretion must be exercised for a proper purpose. They would not be permitted to exercise it to accomplish fraud or favoritism. We need not resort to imagination for circumstances, in which a regard for public interests would require the exercise of such discretion. They abound in this case. The evidence shows that the proposal of the relators was in the alternative as to the kind of stone which they proposed to use. A contract founded on such proposal would be fruitful of controversy. Another bidder was asserting a legal right to the same contract. The defendants were told by a competent legal adviser, that a contract with the relators founded upon their proposal, would be illegal, because in excess of the estimate.

Whatever might be the right solution of these questions, we cannot say that the defendants were bound to decide them at their peril; and to vindicate their conclusions through litigation, at the expense of the public and to the detriment of the improvement they had undertaken. State *ex rel.* Clough v. Commissioners of Shelby County, 36 O. S., 326.

This discretion was not foreclosed by the conditional award to the relators. The statute expressly provides that a formal written contract shall be entered

into, and, at least, until such contract was made, the matter was in negotiation merely.

If the defendants had improperly refused to make an award, the court would have compelled them to enter into a contract, nevertheless. Having improvidently made a conditional award, it was competent for them to rescind it for such reasons as appear here.

The contract tendered by the relators on the 23d of February, is illegal, because it contains none of the stipulations required by section seven hundred and ninety-three, and the alternative writ commands the defendants to execute that contract, or show cause for not doing so. Whether an amendment might now be made so as to require the execution of a proper contract it would be useless to determine.

Peremptory writ refused.

Gibson Atherton and George B. Okey, for relators.

Converse, Booth & Keating, Henry C. Noble and R. B. Montgomery, for defendants.